IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO. 20-CR-40088-JPG |
| | ) |
| JAMES A. PATTON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**I.   Introduction**

This matter comes before the Court on Defendant James A. Patton's ("Defendant" or "Patton") Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33 (Dox. 68). The United States of America ("Government") responded at Doc. 69.

**II.   Background**

On April 19, 2022, a jury found Patton guilty of Attempted Enticement of a Minor in violation of 18 U.S.C. § 2422(b) in a two-day trial. A week prior to trial, the Court ordered the parties to confer prior to trial on the issue of jury instructions (Doc. 54). Prior to closing arguments, but after the evidence had been heard by the Court and the jury, the Court conducted a formal jury instruction conference. The Defendant proposed an entrapment instruction, and the Government opposed the giving of the instruction. At the conference, the Court heard both the Defendant and Government's arguments on why the Court should or should not give the entrapment instruction to the jury. Upon hearing the arguments, the Court ruled that Defendant would not be entitled to have the jury instructed on the issue of entrapment.

This case involves a Federal Bureau of Investigation ("FBI") sting on a dating site called MeetMe. An undercover agent with the FBI set up an account for "Hailey" and listed her as a

female who was 18 years of age. The agent later revealed that "Hailey" was 15 years of age. Defendant initiated contact with the "Hailey" profile. The Defendant and the profile engaged in a sexually-charged colloquy. FBI agents and Defendant's wife testified at the trial. Upon the conclusion of hearing the evidence, the jury found Defendant guilty of the crime of attempted enticement of a minor.

### III.     Analysis

A court may vacate a judgment and grant a defendant a new trial if the interest of justice so requires.  Fed. R. Crim. P. 33(a).  The decision to grant a new trial is within the Court's discretion.  See *United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008).  In deciding whether to grant a new trial, the Court "may weigh evidence, evaluate credibility, and grant the motion if 'the substantial rights of the defendant have been jeopardized.'"  *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *reversed on other grounds*, 546 U.S. 12 (2005).  When a motion for a new trial is based on the sufficiency of the evidence, the Court should grant a new trial only if the verdict is against the manifest weight of the evidence.  *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir. 2001). As with motions for judgment of acquittal, in making this determination the Court considers the evidence in the light most favorable to the government.  *Id.*

Because entrapment is a fact question on which the government bears the burden of proof, the defendant is entitled to a jury instruction on the defense "whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews v. United States*, 485 U.S. 58, 108 S. Ct. 883, 99 L. Ed. 2d 54, 62 (1988). An entrapment instruction is warranted if the defendant proffers "some evidence" that the government *induced* him to commit the crime and he was *not predisposed* to commit it. *United States v. Mayfield*, 771 F.3d 417, 440 (7th Cir.

2014) (emphasis added). A defendant's initial burden "requires presenting more than a scintilla of evidence," although it need "not be so substantial that if uncontroverted, a court may find entrapment as matter of law." *Id*. (internal citations omitted). "A defendant must proffer some evidence on both elements of the entrapment defense to warrant the instruction...." *Id*. (cleaned up).

"Predisposition ... focuses upon whether the defendant was an 'unwary innocent' or instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime...." *Mathews*, 485 U.S. at 63, 108 S.Ct. 883 (citations omitted). Predisposition refers to the likelihood that the defendant would have committed the crime without the government's intervention, or actively wanted to but hadn't yet found the means. *Mayfield*, 771 F.3d at 436. If there is sufficient evidence of Defendant's predisposition to commit the crime, the trial court may reject the entrapment defense and prohibit the defendant "from raising the ... defense at trial" without inquiry into the government inducement factor. *United States v. Sanchez*, 984 F.2d 769, 773 (7th Cir. 1993).

Inducement required for entrapment defense means more than mere government solicitation of crime; fact that government agents initiated contact with defendant, suggested crime, or furnished ordinary opportunity to commit it is insufficient to show inducement. *Mayfield*, 771 F.3d at 431-32. However, "the mere solicitation by the government's agent by itself is not sufficient" to show inducement. *United States v. Blackman*, 950 F.2d 420, 424 (7th Cir. 1991). Summarized below:

> Instead, inducement means government solicitation of the crime plus some other government conduct that creates a risk that a person who would not commit the crime if left to his own devices will do so in response to the government's efforts. The "other conduct" may be repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need,

>sympathy, or friendship, or any other conduct by government agents that creates a risk that a person who otherwise would not commit the crime if left alone will do so in response to the government's efforts.

*Mayfield*, 771 F.3d at 434-35.

"[E]ven if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews*, 485 U.S. at 62, 108 S.Ct. 886.

The Court finds that it correctly disallowed the jury to be instructed regarding entrapment. The Court, at the conclusion of evidence, and based on the arguments of the parties, found there was insufficient evidence to support an entrapment instruction.

Regarding inducement, the Defendant argues that evidence was presented where the Government "subterfuge in violation of the Meet Me terms of service" by falsely stating Hailey was 18 years of age initially and the ultimate solicitation was undue inducement. (Doc. 68-1 at 2). However, FBI Agent Wainscott indicated that the MeetMe platforms do not allow any individual to sign up if they are not 18 years of age or older. As indicated in *Mayfield*, the law requires more than "ordinary opportunity" such as "something close to what unfolds when a sting operation mirrors the customary execution of the crime charged. *Mayfield*, 771 F.3d at 433.

Defendant also argues the Government sent photographs and a video of the Defendant of a paid source, that ended up being a 30-year-old woman. (Doc. 68-1 at 2). This is also customary in sting operations. Additionally, Defendant states on the day he was arrested, the agents texted Defendant first. However, Defendant initiated contact with the "Hailey" profile. After a colloquy, the "Hailey" profile told Defendant she was 15 years old. Defendant continued having a sexually-charged back and forth conversation with the profile that he knew to be 15 years of age. Defendant made offers of sexual gratification, indicating he likes "being rode" and other

offers.

The Court finds there was no persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, pleas based on need, sympathy, or friendship. The Court finds that the representation initially made on the profile that "Hailey" was 18 was mere undercover tactics. The profile told Defendant she was 15 years of age and Defendant continued to engage in the sexually-charged conversation. The Court finds that there was no evidence of inducement.

Regarding predisposition, Defendant states that his wife testified that Defendant had no proclivities for sexual relations with minors. (Doc. 68-1 at 2). Specifically, she told of an instance of "catfishing" where they both were contacted by fake persons. *Id.* Government responds and states that the agents told Defendant that he contacted "Hailey" was because she "didn't look like she was eighteen." (Doc. 69 at 7). The Government states this shows evidence of pre-disposition. Additionally, the Government notes that Mrs. Patton testified she and Defendant were in an "open relationship" where they both brought other sexual partners to their home. *Id*. at 8. Based on the arguments, the Court finds Defendant insufficiently showed he was not predisposed to commit the crime. However, even if the Defendant can show he was not predisposed to the crime, the Court found and finds there was no evidence of inducement. In order to be entitled to the instruction, Defendant must show some evidence of both inducement and that he was not predisposed.

Additionally, Defendant argues the Court erred in disallowing entrapment, even though the defense was inconsistent with his theory and predominant defense – that he did not intend to commit the offense. Specifically, Defendant's theory of the case was that he wanted to "waste" the "Hailey" profile's time because he did not believe she was real. However, this was the only

defense supported by the evidence – the Court finds no evidence of entrapment.

The Court hereby DENIES Defendant's Motion for a New Trial (Doc. 68).

**IT IS SO ORDERED.**
**Dated: May 25 2022**

                                              /s/  J. Phil Gilbert
                                              **J. PHIL GILBERT**
                                              **DISTRICT JUDGE**