IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No. 20-CR-40088-JPG |
|  | ) |
| JAMES A. PATTON, | ) |
|  | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Upon consideration of the Court, the Court requests briefing on issues raised in Doc. 71 and Doc. 73. While the aforementioned motions were motions Defendant James A. Patton filed *pro se* in support of a motion for new counsel, Patton alleges issues that this Court is obligated to investigate prior to sentencing to ensure there is no miscarriage of justice.

Prior defense counsel filed a motion for a new trial but did not allege any issues regarding ineffective assistance of counsel (Doc. 68). Indeed, he would be hard-pressed to adequately argued his own ineffectiveness. In light of Patton's subsequent *pro se* motions, the Court considers these motions as alleging that he should have a new trial in light of constitutionally ineffective assistance of counsel. In light of Patton's *pro se* allegations, the Court believes new counsel should investigate those claims further. In particular, the Court is concerned regarding the failure of trial counsel to highlight whether Patton possessed trash bags when he was arrested, a fact important to his defense.

While a 28 U.S.C. § 2255 is normally the appropriate means of raising a claim of ineffective assistance of counsel, a district court "may consider the claim on a motion for new trial if it has developed an adequate record on the issue." *United States v. Stevens*, 149 F.3d 747, 748 (8th Cir.), cert. denied, 525 U.S. 1009, 119 S.Ct. 527, 142 L.Ed.2d 437 (1998); *Villalpando*,

259 F.3d at 938. Therefore, supplementation of new counsel is required for the Court to make an adequate determination. The purpose of "directing supplementation of the motion for new trial is to expose all instances of defense counsel's conduct that might impact the ineffective assistance of counsel claim" that is alleged by Patton. *Id*. at 937.

In light of the additional *pro se* allegations that are appropriate in a motion for a new trial, the Court will extend the time to file a supplemental motion for a new trial under Federal Rule of Criminal Procedure 33. *United States v. Villalpando*, 259 F.3d 934, 938 (8th Cir. 2001) ("while we recognized the strict construction generally given to Rule 33's jurisdictional time limit, we found that applying such rigidity in that instance would merely subordinate the defendant's right to a fair trial while effecting no meaningful rule-based purpose."). The Court finds that any failure to file a motion for a new trial within the time limit prescribed by the Federal Rules was excusable because counsel cannot or should not be able to argue his own ineffective assistance of counsel. Additionally, new counsel has entered on the case a few short days ago and has likely not had time to familiarize themselves with this case. Therefore, the Court will properly consider any supplemental motion for a new trial based on the Court's concerns about constitutionally ineffective assistance of counsel as set forth above. The Court will not entertain other arguments in support of ineffective assistance of counsel in the new motion for a new trial.

The Court ORDERS that new counsel shall have 30 days from entry of this order to file a supplemental motion for a new trial based on allegations on constitutionally ineffective assistance of counsel. The Government will have 30 days to respond.

**IT IS SO ORDERED.**
**Dated: August 4, 2022**

/s/  J. Phil Gilbert
J. PHIL GILBERT
DISTRICT JUDGE